Next case we'll call final case this morning. It's Rogers versus Tug Hill Operating and Mr. Birch will hear from you first Thank you, your honor good morning and may it please the court. My name is Rex Birch and I represent mr. Rogers Supreme Court tells us that there is nothing in the Federal Arbitration Act that authorizes the court to compel arbitration By the part by any parties that are not already covered by the contract the agreement arbitration agree District Court therefore erred and holding Tug Hill could force. Mr. Rogers to arbitrate with Tug Hill Based on an agreement between mr. Rogers and an independent company called Riga Without Tug Hill having to prove that it was somehow authorized to enforce that agreement The district courts error is not remedied by the district courts My friends call it alternative holding Tug Hill could enforce the arbitration agreement under West Virginia state law as a third-party beneficiary Mr. Rogers showed and indeed at joint appendix 18 paragraph 11 Riga itself testified that Riga included the Benefits not Quote solely for Tug Hill's benefit when Rogers raised West Virginia Code section 55-8-12 Which is the third-party beneficiary statute governing contracts in West Virginia? The district court Analyzed the question of what it meant to what the word soul meant in that In that statute, but it answered the wrong question the district court determined that The word soul did not mean that there could only be one third-party beneficiary And that's not the right question. The question is whether or not the provision is for third-party beneficiaries quote sole benefit And again Rogers showed and Riga testified as to the benefits that Riga received by requesting arbitration Finally the district court erred when it permitted Riga to intervene let's start with the easiest reason in the contract found at joint appendix 21 at paragraph 5 folks at Riga said Any interactions or disputes between you and a company in this Hill are solely between you and that company It goes on further at joint appendix 23 of paragraph 11 Riga will not be a party to disputes or negotiations of disputes between you and companies That contract Can I can I just ask you a very practical question about intervention And I'm trying to think of a non-colloquial way of putting this like what's what's the damage why do you care if Why does it matter so much whether or not Riga intervenes in this proceeding from your perspective? So it Increases the burden on mr. Rogers not in the legal sense of the word, but just in the practical sense of the word Folks at Riga said hey, we're staying out. We will we will quote not be a party If they do become a party to this they then start arguing. Oh, we have a direct arbitration I'm sorry. I should have been sharper in my question Does it is the reason it matters connected to the kind of arbitrability question in front of us once that question is resolved Does it really matter that much whether or not rig up stays in the case? No Look, I don't think it matters even for the arbitrability question, right whether or not. Mr Rogers agreed to arbitrate whether it be the merits or whether it be arbitrability with tug Hill That question gets answered the same way it doesn't matter who's asking It doesn't doesn't matter if it's tugging it'll ask him doesn't matter if it's Riga Okay, and and to me those those things Don't change based on who's asking okay If there are no further questions, I'm gonna move on I mean a Party cannot be forced About the Arbitrability issue So as I understand it the defendants are sort of with you that a question of contract formation Whether a contract exists has to be decided by the court. I think they agree to that in their brief I don't mean to put words in your mouth can discuss this Um, but I think their position would be that's not this case like there is a contract here It's conceded that an agreement exists between your client and rig up and so now we're just talking about whether Non-signatory tug Hill can enforce it and that goes to the scope of the contract. That's a question for the arbitrator So what's wrong with that? So that that that is kind of where the rubber hits the road. I think so They say hey as long as we can find an agreement where you agree to arbitrate with someone Right, you must arbitrate with us right, if you sign an arbitration agreement with T-Mobile and T-Mobile has a delegation clause and we show up with that contract You must arbitrate with us right at least arbitrate arbitrability at least the threshold questions Yeah, that to me is squarely rejected by this court's precedent among them You know gives versus Hayes Investments We're going to talk about here in a second All right. Again a party can't be forced into arbitration rather as this court said The parties must actually contract to arbitrate between them The question here is not whether or not mr. Rogers agreed arbitrate someone Literally everyone in this room has agreed to arbitrate with dozens of credit card company banking Rent a car company hotels Many if not most of the arbitration agreement corporate triple-a There's this delegation Right that doesn't answer the question of whether or not I've agreed to arbitrate anything with someone else It is a problem of trying to use scope as the fourth circuit put it they're trying to answer the question of who must arbitrate by looking at what must be arbitrated and The fact that I have agreed to arbitrate arbitrability with you judge Harris doesn't tell me anything about whether or not I've agreed to arbitrate arbitrability with you Mr. Bowles, sorry I was going to call him Barry, my friend Barry over here So Let's take about how the fourth circuit has analyzed What we're talking about is whether or not the folks at Tug Hill and enforce Delegation clause because that's what they want to do. They want to force us to arbitrate arbitrability with and Under fourth circuit law, we can pass the enforceability of the delegation clause by making the exact same arguments Or circuit third circuit most circuits are different And We have said look we didn't agree to arbitrate anything Didn't agree to arbitrate And so as with any other Because we challenged the delegation clause specifically and I'm quoting here from Trevor Well, the court must evaluate the validity of the delegation before ordering compliance with the clause The contract comes first First is is there an agreement between us and Tug Hill or is there an agreement that Tug Hill is authorized to enforce? Indeed in Gibbs v. Haynes Investments which talked about a second ago this means This court must decide quote the enforceability of the delegation provision Enforceability is the question and they force us to arbitrate the existence and enforceability of any agreement in this case or Well, any case are determined by reference to state law My friends and the district court said West Virginia law Stick with that for now West Virginia law is clear. I'm sorry before we stick with West Virginia law. Can I ask you is there? Any material difference in West Virginia and Texas law that's been kind of identified in the briefs when it comes to these third-party beneficiaries so Under West Virginia law the standard is sole benefit. That's why we cited West Virginia code 55-8-12 Right. So if there is a In order to be a third-party beneficiary you have to show that that particular clause that Division was for your sole benefit. They sort of used to be old You know common law from England view of third-party beneficiary folks over in England a much stricter view of the third-party beneficiary than most courts do in the United States the statute that governs West Virginia has been around about a hundred years maybe even a little more at this point been unchanged for that and after the district court ruled in this case The West Virginia Court of Appeals again confirmed in West Virginia When you sold that, okay, I'm sorry. So you think West Virginia law applies? You don't you think Texas law applies, right? So I Do think oh, I'm sorry. What is the position? What is your position, right? my position is they West Virginia law Right, but you said Texas law I did say Texas law and they've argued that I've weighed that and the reason I say Texas law doesn't is in fairness to y'all is not in the record, but paragraph 23 of the agreement that they rely on which they filed in another court in New Mexico Says this agreement is governed by Texas law and it calls for venue Yeah, how come the copy in our record has that part blocked out who Where did that copy that we have in our record come from? came from them and they say That's all we got. There are a bunch of sections missing Because I've run into rig up before Kind of a source of consternation Thankfully, this is the older agreement. They modify their agreement a bunch of times But but they provided it's just so when they copied it they have that overlay up there and they've cut out the you quoted it in your brief, but it's at the top of the page and We just got two-thirds of the paragraph first thirds gone because it's covered up by that label. I don't know what that is They say they do not This is not in the record. We can ask them Like what they say Am I right that in district court though But I can ask your colleagues also, but I thought rig up conceded in district court. No No, there's a choice of law provision with Texas law or no. Did that not happen? No, they argued for Texas law when they filed their motion. Okay Folks at Tug Hill said and right you to say it's West Okay so West Virginia law by the way, it's clear that when the parties stipulate as to whose claims subject to arbitration courts are obligated to respect that decision because Well, let me ask you this just going back Of That part of paragraph 23 that's blocked out by the copying thing Do both parties agree that it provides for Texas law I Mean somebody quoted it in his brief. I quoted. Yeah, and and do they both sides agree that that's what it says I mean, we don't have to get Get a copy sent to us. Do we I Argue Even if there is a choice of law Well, I know but I just I'm one that I want the record to be clear I mean this record has got that blockage. It's on page What 40? 9 49 and it looks like It It looks like it's just sort of blocked out on every page at the top the way that's the way it was copied and But you quoted it and the other side. I don't think it's disputed It seems to me that's something that the attorney should be able to agree without having to go and order a good copy Sent to us, but I'll all I'll pose that to your colleagues But you agree with what you stated in your brief as to what it says you quoted it exact verbatim I Copied it from what they told the court in New Mexico. It said, okay As noted in West Virginia Department of Health versus Versus Denise West Virginia To 5 to 4 1 at 2 4 5, which is 2021 case from Virginia's high West Virginia's highest court The fact that they've identified who is a party to the agreement and who is not in the arbitration agreement poses a problem for them because Tug Hill is neither a party to the rig up agreement nor a party that mr well more importantly from that point on that argument the arbitration agreement limits it to two people and Any dispute between a and B Right and I'm cutting into my rebuttal time. All right. We'll hear from you on rebuttal All right, mr. Bowman May Please the court Barrett Coleman my co-counsel Christian and Kodiak and I represented Pelly's Rusko operating or rig up in Tug Hill The district court was who do you represent? I represent rig up your honor Okay Now rig up has those conditions and on page 49 and you agree the quote that they have there is what's underneath that label Your honor sitting here today. I don't know the answer that question What I understand is is that that agreement in the record is the only copy that our clients still maintains from? 2016 so on several other pages to Every page. Yeah multiple pages. Yes, your honor. This is not a copy of the agreement Your honor. This is the best copy that it's not a copy of the agreement if it's not complete It is an incomplete copy of the agreement. Yes, sir. It's an incomplete copy of the agreement I'm happy. However to go pose the question and file a supplement I mean they've quoted it and he told you where he got it from he got it from a clean copy where you could read it that was put in another case and It seems to me that you should Know that as a matter of fact choice of law was an issue in the case and you should probably should know that Respectfully your honor. I can't sit here today and answer that question That's that I can tell you is from my understanding. Well, then I'm going to ask you to within Within five days to get us a clean copy of the agreement that agreement and supply it to the Opposition into the court. Certainly your honor Am I right that you or that rig up conceded in district court the Texas law or conceded that took the position in district court? the Texas law applies The district court rig up filed a proposed pleading in support of its intervention motion because I believe it's 24 C Requires that that proposed pleading does assert that arbitration is appropriate under Texas law Okay, so so what not expressly address whether Texas law is appropriate and I just starts Texas law Well, that's the whole issue. So you're now disputing it Your honor. I'm I mean what what basis do you make that allegation? From what I understand The agreement I Don't know the answer on whether there's a choice of law provision. I believe that Did you draft a pleading below? Okay, but but rig up did say in the district court the Texas law applies and and what is your position now on what law applies I Think our position is West Virginia law applies under choice of law principles And how do you reconcile that with having told the district court that it was Texas law? Because I think as the district court found the performance of this agreement was in West, Virginia So you'd be so you've changed your position on choice of law. I don't think that there is for a position. I was a town Yeah, well if it says that it's appropriate under Texas law I think it's fair for the district court to think you think Texas law applies. It's anything about West Virginia law I don't believe so. Okay. Well, I Texas law applies I'm just so perplexed But I assume that's because you knew what the agreement said that you knew that had a choice of law provision But you're saying that's not right. It was for some other reason that you know Texas law applied Arbitration is appropriate under either Texas law or West Virginia. Well, I know but I'm just trying to figure out what happened here And what the party's positions are as to which state law applies. So I'm just frustrated that we don't have an answer to that question. I understand your frustration your honor um Respectfully, I don't think it necessarily matters because I think the result on the third party beneficiary issue Is the same and also this court need not get there because the delegation clause resolves all questions And if you've got you've got your contract has got so many indicators that Suggests that the relationship between Tug Hill and the plaintiff is A matter for them and not for rig up It says any interaction or dispute between you and company That's Tug Hill are solely between you and that company rig up and it's licensees have no liability obligation or responsibility for any interaction between you and company and then it says over here at the Disclaimer it says rig up is not responsible for any interaction Or other third party in relationship to projects completed by you Party to disputes or negotiate a rig up will not be a party to disputes or negotiations of disputes between you and companies and Despite the fact that you say you will not be a party you're seeking intervention your honor, I think that And then you go to the arbitration clause and it limits it between Just the two Yes, sorry, and I'll dress both of those issues first on the intervention point. I think there is no abuse of discretion here No, I'm not talking about abuse of discretion Why you think you could intervene when you have promised not to intervene rule 24 does not? Implicate let's stay away from the rules. Let's go to the facts. I Think this is binding on you your honor We have clear interest in this lawsuit Interest in our business model interest you may have a lot of interest But you agreed will not be a party to dispute not be a party and that's what you want to be and Your honor, there's no authority that says you can contractually waive your right to intervention There's no I Understand why not? If I say I'm not going to intervene in your case and you give me a hundred dollars for that. It's a contract And my response is that rule 24 does not speak with respect to contractual waivers or anything like that There's no authority that says that you can contractually waive a right to intervene I don't want to address to your other point on the arbitration clause and I understand that Section 24 a says that in the interest of resolving speeds between you and rigor But I want to focus the court's attention to section 24 H and that is the delegation provision That provision says that the arbitrator has the exclusive authority to resolve any Dispute that page 49 you're talking about Is Yeah, but that's in the arbitration between the two it says in the interest of resolving disputes between you and rig up Most expedient and cost-effective is Arbitration center you and rig up are each waiving the right to trial by jury or to participate in a class action You and rig up it continually says rig up Who will pay the fees and so forth the arbitration between you and rig up will be settled under the Federal Arbitration Act That's the limit of the arbitration clause. Now you go to arbitrability The arbitrability is to decide that arbitration But that arbitration in no way Includes or issued for the benefit of some third company that they send an employee to Your honor I would argue that's for the arbitrator to side the arbitrator has hold it Tug Hills the Tug Hill is the party and Arthur Anderson makes pretty clear on the Supreme Court said you can't start Bringing in these other parties Yeah, the arbitrability only goes so far you still have to have the account contractual authority for an arbitration clause Your honor and and between Tug Hill and Rogers Tug Hill and Rogers they entered into an arrangement. I don't know if there was any writing but Certainly that the relationship between them There is no arbitration clause and the arbitration clause you go to where their broker or their matchmaker Rig up said if there's any dispute between matchmaker and Rogers That's the way they'll handle it. I mean There's so many indicators that there's no third party beneficiary is never incorporated and never intended to be incorporated They're never even decide issues involving Tug Hill and Rogers and So you want us to bypass all of that and say nonetheless sent let the arbitrator decide because that's exactly what Henry Schein says Henry Schein says if an arbitration agreement exists and as a judge Harris pointed out this agreement exists We don't have the typical I didn't sign that I didn't check that box Rogers can sure you do Tuck Hill has zero There is no contract between Tug Hill and Rogers that has an arbitration clause so now the question is Rogers used a broker to get that job and Rogers entered into a arbitration agreement with the broker and Between us if there's a dispute We'll resolve it by arbitration and the arbiter arbitrator will decide the arbitrability of our dispute But it says clearly that arbitration clause is between just Rogers and Tug Hill and it also says that any dispute Elsewhere, we're not going to be involved in You are if I can respond in three parts First an agreement does exist and I understand the argument there's no agreement between Rogers and Tug Hill, but this agreement in 24 H says that the arbitrator decides any dispute with regard to Enforceability and this is exactly what that dispute is Tug Hill and rig up say this must be arbitrated Rogers says no and in the Supreme Court and in Henry Schein, I will note Involved a non-signatory seeking to compel arbitration and Supreme Court drew no distinction there The Supreme Court said that if there is a delegation clause the court goes enough the further we cannot draw lines even if we think While looking at the scope you're overlooking all of the courts all the courts decisions talking about The contract is for the court and the determination of the parties and all of that is for the court under state law contract law and it's treated like any other contract and You know, that's you have to start with that Arthur Anderson AT&T. I mean, these are these cases that just clears a bell on that arbitrability if you have a contract of arbitration arbitrability is delegation clause lets you arbitrate it determine our arbitrability, but You have to first get to arbitration. You have to get the people Agreed to it. Chuck Hill didn't agree to it. They didn't even know about it as far as we know Well, your honor's difference between a signatory seeking to compel a non-signatory Arbitrate and a non-signatory the non-signatory is agreeing to arbitrate But again, I want to focus you on the language of 24-h any dispute It doesn't say any dispute between you and rig up It says the arbitrator says any dispute and if even if this panel thinks that you know what that doesn't make sense We have a dispute between Comcast and AT&T and they can come in and force that agreement Henry Schein answers that exact question your honor. It says that even if there's a frivolous argument Arbitrators are well equipped to answer it. And if it is frivolous arbitrators can impose fee sanctions cost shifting and the like to Deter and you know prevent such actions in the future Henry Schein answered it once there's a delegation You go no further. I See that my time has ended and co-counsel cry. Oh, yeah. Thank you argument And and Kovac is that the pronunciation? Yeah Thank your honor may may please the court Christian Kovac representing tug hill It's a privilege to be here today with my colleagues and to be able to have this Conversation with you We divided our time so that I could address third-party beneficiary, but I want to pick up very briefly on that last point that my colleague was referring to when he was talking about the holy groundless exception and my concern your honor is that if this panel goes down the path of analyzing the Suggested it will effectively revive the holy groundless I just I don't um, I Did not read Henry Schein is saying that if there is not a contract between the two parties the court can nevertheless enforce the non-contract by sending it to arbitration and I just I mean I think it's not just all the Supreme Court cases that um, Judge Niemeyer Has given you but we also have a case the Raymond James case from our court Which I know isn't cited in the briefs, but this was exactly the question in that case where there was an agreement No question the party that I'm gonna get this next up the part, but the party There was an agreement it was signed by one of the parties and the dispute is whether the party objecting to Arbitration has agreed to arbitrate with the particular parties on the other side of the case and we said in no Just unmistakable terms. This is not a question of scope This is a question of contract formation who has decided to arbitrate That's for a court to decide and until we know that there's a contract between the parties before the court here tug hill and Rogers We have nothing to enforce by sending it to an arbitrator and I just don't see how we get around that in this case because this contract as Judge Niemeyer says if there was ever a contract that made clear it was only between two parties. This is it So your honor, I think the simple question before the court here that we're all arguing over is who decides Right, and I'm saying we held in Raymond James that the court decides who decided to arbitrate But I think the point you made at the very beginning when you asked the question about whether formations really an issue Doesn't everybody concede that an agreement exists? I don't even I don't want to get into like some metaphysical space, but I don't even know what it means to say like a Contract exists. Usually when a court says a contract exists we can enforce it We mean there's a contract between the two parties in front of the court Is there any other context you can think of where courts enforce contracts? Without first determining that the parties they are enforcing them against our parties to the contract No, your honor I think the way though that the law has evolved to the point of Henry Schein is what the Supreme Court was saying is if I'm a party who resists arbitration and I've entered into an agreement where I agree to delegate arbitrability to an arbitrator Then that's the end of the inquiry That's the way that we if we don't do that in any other context if there's no and I don't I couldn't think of one So I don't mean to sort of ask a stumper question But I tried hard to think of another context where a court might enforce a contract against two parties without first determining That those are the those two parties are bound by the contract The Supreme Court has been so clear that arbitration agreements are supposed to be treated like any other contract no worse but no better and I Just conceptually. I'm really struggling with this idea that we could enforce a contract Without first against Mr. Rogers and Tuck Hill we could say you two have agreed to arbitrate your dispute Including arbitrability, so we're sending this all to the arbitrator without first determining that those two parties had entered into a contract I think the issue your honor is that the Supreme Court recognizes the arbitrator may decide that this is not properly an arbitration You know what you keep you repeat that continually and that goes to the notion when you delegate to the arbitrator the scope of arbitration but before you even get to the arbitrator at all you have to have a contract to get to him and The question is is where is the contract to get to the arbitrator? And that's a question for the court under state contract law I Honor and our position is that Henry Schein tells us if there is an agreement that is sufficient I understand that we may disagree in that point, but that's how we read But there is no agreement between Tuck Hill and Rogers zero. I don't think the court requires us Between the parties if these Excuse me as it is here. There's no agreement between the parties, then it's absurd to say they're bound by something. There's no agreement with them if I were A matter of first impression I might agree with you and write it the same That's not how we read Henry Schein's directive, and we're working with what we believe is the directive from Henry Schein, but two minutes I have left I Want to simply also argue Alternative Third party beneficiary We think that there's a third party beneficiary Right to stand in the shoes of rig up to send this matter contract wasn't entered into for the benefit of Tug Hill and It says it explicitly. I mean it basically says what between Rogers and Tug Hill is I Three times it says that we are required whether it's under West Virginia or Texas law to look at the contract as a whole There's there's numerous places Where the only party who could enforce a right under that agreement is Tug Hill particularly because of all the reasons your honor mentioned early on when Next Under that standard we this Rogers has raised a dispute with Tug Hill hasn't he correct and the dispute He has is only with Tug Hill That is how he has played his yeah, he's seeking he's seeking compensation for overtime under the FSLA Now It's explicit in the contract with rig up he had with rig up that rig up and he are not gonna involve that contract with With Tug Hill it says Basically, it says will be not be involved in any dispute Negotiation we will not be a party to any action and all of a sudden You're coming now saying that's for the benefit of Get it, but Well, your honor. I think if you look at if if you look at the agreement There are numerous instances where there is a direct benefit. For example, and ironically Rogers agrees to indemnify Tug Hill the company mentioned generally or Misclassification issues in the agreement only Tug Hill would be in a position to enforce that if There was a breach of that type of representation So we think that that and other provisions that we discussed and were discussed by the district court Evidence that we stand in the shoes of Roscoe and for that reason can enforce the agreement. I see that I'm out of my time Okay. Thank you. Thank you. Mr. Birch Thank you, your honor. I Would like to say that I have never seen a clean copy of the terms What I saw was their lawyer in in a case called Oldham vs. Nova mud Hyped it out I've never I've never seen a clean copy of the or a complete copy of These terms and the folks rig up and told me that they don't have one My my friends are just flat-out wrong when they say that there is no Authority for the proposition that you can contractually waive the right to arbitration Roscoe Riga the same people sitting here today Lost precisely that issue in the Western District of Texas in a case called Johnson versus Parsley, which is 2021 Westlaw 8 4 4 2 0 4 4 Where the judge held that they are were attempting to do precisely what they had contractually agreed not Which has become a party We've beaten this death, but the folks at Tug Hill have no arbitration agreement with mr. Rogers contract the existence of the contract is a condition preceding Ordering arbitration My friends say no harm no foul ordering the arbitration Arbitration and then if the arbitrator rules in his way, then he'll be all set But mr. Rogers didn't agree that an arbitrator arbitrate arbitrability or anything else with why should he be saddled with the The standard of review Both the narrowest known to man Why should that be the answer should be as the court said in Henry Schein of? Course the court decides whether or not there is a contract in the first Or there to be a delegation clause. There has to be an arrangement and Parties that are involved in Rogers and a bill only My friends also say that that they cite that provision at 24 H that talks about the Arbitration the arbitrability or the delegation provision under this agreement Again Pointed out that presupposes that they're part of this agreement section 24 says how Riga and the folks Folks at Riga and mr. Rogers are going to resolve their Recall Terms the terms of service is a defined term under these contracts and It says in section 25 Mr. Rogers Well, you acknowledge that these terms are between you and rigged up only I Don't know how much clearer you can get when you're trying to say these terms govern the disputes You and not with someone else That's a defined term in the contract and I want I want to go back to You know, West Virginia Seven Courts have addressed this issue under Texas law So it's going to be seven different judges have addressed this issue under Texas law as to whether or not Tug Hill and enforce this arbitration agreement. They've all said no including a panel of the Fifth Circuit The other cases include In addition to Heizer versus end zone they include Oldham versus Nova Mudge Chopin versus parsley energy and Johnson versus parsley energy Under West Virginia law if that's what we're going to say why the court Case of West Virginia Department of Health versus Denise That when you use a defined term when you say here are the parties that are subject to this arbitration at your work If you say here is who has agreed arbitrate, that's who Is that the Supreme Court of Appeals of West Virginia? You're talking about it is and it's in your brief It's a fair point, I don't know the answer to that question, but the citation is two four five West Virginia All right, thank you very thank you mr. Birch look I'm down great counsel and jurn court for the day
judges: Paul V. Niemeyer, Robert B. King, Pamela A. Harris